UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA

V.                                                        CIVIL ACTION NO. 3:05cv325HTW
                                                          CRIMINAL NO. 3:01cr162HTW

FIDEL OROZCO AYALA

**ORDER**

Before the court is the petitioner's motion to vacate judgment and to grant habeas corpus relief. Filed pursuant to Title 28 U.S.C. § 2255,[1] petitioner' motion asks this court to modify his sentence. Petitioner Fidel Orozco Ayala was found guilty after a jury trial on April 11, 2002, and was sentenced to life imprisonment on June 27, 2002, for his part in a conspiracy to distribute a mixture of methamphetamine in an amount exceeding 500 grams in violation of Title 21 U.S.C. §§ 846[2] and 841.[3] Ayala

---

[1] Title 28 U.S.C. § 2255 provides in part that, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move to vacate, set aside or correct the sentence."

[2] Title 21 U.S.C. § 846 provides that, "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

[3] Title 21 U.S.C. § 841(a) provides that, "[e]xcept as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally – (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or (2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance."

appealed his conviction and sentence to the United States Court of Appeals for the Fifth Circuit where both the conviction and sentence were affirmed on August 8, 2003. Then, on May 23, 2005, four months after the United States Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) on January 12, 2005, Ayala filed this motion for habeas corpus relief, asking this court to find him entitled to equitable tolling regarding his belated petition so that he might have benefit of the United States Supreme Court's decision in *Booker*.  The issues raised by Ayala are whether he is entitled to equitable tolling;  whether the *Booker* decision is applicable retroactively;  whether he now may raise issues on collateral review to avoid miscarriage of justice;  and whether any *Booker* error occurred in his sentencing.  This court finds no basis for granting habeas corpus relief on any of these stated grounds.

First, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") has established a one-year limitation period for filing a motion to vacate sentence pursuant to § 2255. The AEDPA added a specific period of limitation provision governing motions to vacate, set aside or correct sentences.  Title 28 U.S.C. § 2244(d)(1)(A) states that, "[a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of - (A) *the date on which the judgment of conviction becomes final;* (B) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;  (C) the date on which the right asserted was

initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  As noted previously, Ayala's conviction and sentence became final on August 8, 2003, in accordance with § 2244(d)(1)(A).  Ayala had until August 8, 2004, to file his habeas corpus petition under Title 28 U.S.C. §2255, and did not do so until May 23, 2005.  Clearly, the instant petition is time-barred.

Secondly, Ayala seeks equitable tolling to overcome the time bar.  Equitable tolling is justified only in rare and exceptional circumstances such as where the petitioner is able to show actual innocence of the crime with which he is charged. *United States v. English*, 400 F.3d 273, 275 (5th Cir. 2005);  *Cousin v. Lensing*, 310 F.3d 843, 848-49 (5th Cir. 2002).  Equitable tolling is warranted only in situations where a petitioner is actively misled by the respondent or is prevented in some extraordinary way from asserting his rights.  *Salinas v. Dretke*, 354 F.3d 425, 429 (5th Cir. 2004), *cert. denied*, 541 U.S. 1032, 124 S.Ct. 2099, 158 L.Ed.2d 714 (2004).  "The decision to invoke equitable tolling is left to the discretion of the district court."  *Cousin*, 310 F.3d at 348.

In the instant case, Ayala has made no showing of any exceptional circumstance which would justify the application of equitable tolling in this case. Moreover, even if Ayala's petition had been filed in a timely manner, it is based on his assertions of *Booker* error, assertions which must fail since *Booker* is not applied

retroactively to cases which already had completed direct review at the time *Booker* was decided.

### ***BOOKER* IS NOT APPLIED RETROACTIVELY**

In *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the United States Supreme Court invalidated an upward departure under the sentencing guidelines of the State of Washington, which was imposed on the basis of facts found by the court at sentencing. Because these facts relied on by the Washington court were neither admitted by the defendant nor found beyond a reasonable doubt by a jury, the Supreme Court held that the sentence violated the Sixth Amendment. Subsequently, in the case of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the United States Supreme Court extended the reasoning of *Blakely* to apply to the United States Sentencing Guidelines; however, the *Booker* Court expressly held that both its Sixth Amendment holding and its remedial interpretation that the Sentencing Guidelines are not mandatory would apply "to all cases on direct review." *Id.*, 125 S.Ct. at 769. Thus, the Supreme Court limited the application of its decision in *Booker* to cases which were on direct review as of January 12, 2005.

In *Tyler v. Cain*, 533 U.S. 656, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001), the Supreme Court held that "a new rule is not 'made retroactive to cases on collateral review' *unless the Supreme Court holds it to be retroactive*" (emphasis added). *See Tyler*, 533 U.S. at 663, quoting Title 28 U.S.C. § 2244(b)(2)(A). The Supreme Court

4

has never held *Booker* to be retroactively applicable to cases on initial collateral review; instead, as previously noted, in *Booker* the Supreme Court stated that its holding would apply only "to all cases on direct review." *Booker*, 125 S.Ct. at 769.

Since *Booker* was decided, the United States Court of Appeals for the Fifth Circuit has observed in *In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005), that the United States Supreme Court had "strongly suggested" that *Blakely*, and *Booker* do not apply retroactively to cases on collateral review. *See United States v. Gentry*, 432 F.3d 600, 605 (5th Cir. 2005)(same); *see also Schriro v. Summerlin*, 542 U.S. 348, 124 S.Ct. 2519, 2526, 159 L.Ed.2d 442 (2004) (holding that *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which extended application of *Apprendi*[4] to facts increasing a defendant's sentence from life imprisonment to death, does not apply retroactively to cases on collateral review).

In the instant case, Ayala's conviction and sentence became final on August 8, 2003 when the United States Court of Appeals for the Fifth Circuit affirmed this court's judgment. The United States Supreme Court's decision in *Booker* was decided on January 12, 2005, seventeen months after the date Ayala's judgment became final. Ayala filed the instant petition for habeas corpus relief on May 3, 2005, hoping to have benefit of the *Booker* decision in some way. The Fifth Circuit in *In Re Elwood*, and the Fifth Circuit's sister federal appellate courts, however, have concluded that *Booker* does not apply retroactively to those cases whose direct appeal was over and which were proceeding on collateral review. *See Varela v. United States*, 400 F.3d 864, 866

---

[4] *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

(11th Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 863 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005); *Green v. United States*, 397 F.3d 101, 103 (2nd Cir. 2005); *United States v. Leonard*, 120 Fed. Appx. 759 (10th Cir. 2005) (not selected for publication in the Federal Reporter). This is because the holding in *Booker* is a new constitutional rule of criminal procedure, not retroactively applicable to cases that became final before the decision was announced. *See Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Therefore, because the *Booker* decision is not applied retroactively to cases on collateral review, the Supreme Court's decision in *Booker* offers Ayala no basis for habeas corpus relief. Inasmuch as Ayala's claims all are based on the retroactive application of *Booker*, his petition offers no basis for granting habeas corpus relief.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or a district judge issues a Certificate of Appealability (COA). *See* Title 28 U.S.C. § 2253(c)(1)(A). Although the defendant has not yet filed a notice of appeal, this court nonetheless addresses whether he would be entitled to a COA. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (it is appropriate for the district court to address *sua sponte* issue of whether a COA should be granted or denied, even before one is requested). For a COA to issue, one must make a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). An applicant makes a substantial showing when he demonstrates that his application involves issues that

are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further.  *See Clark v. Johnson*, 202 F.3d 760, 763 (5th Cir. 2000).  In the instant case, the defendant has not made the showing necessary for issuance of a COA.

## **CONCLUSION**

Therefore, Ayala's motion to vacate judgment and to grant habeas corpus relief by modifying his sentence, which is filed pursuant to Title 28 U.S.C. § 2255, is not well taken and the same is denied.  The Certificate of Appealability also is denied.

**SO ORDERED**, this the 12th day of March, 2007.

s/ HENRY T. WINGATE
CHIEF UNITED STATES DISTRICT JUDGE

CRIMINAL NO. 3:01-CR-162-HTW-JCS
CIVIL ACTION NO. 3:05-CV-325-HTW-JCS
Order